UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMAS L. KOWALAK,

    Petitioner,                        Civil No. 01-CV-40009-FL
                                          HONORABLE PAUL V. GADOLA
v.                                   UNITED STATES DISTRICT JUDGE

DOUGLAS C. VASBINDER,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTIONS FOR RECONSIDERATION, FOR A CERTIFICATE OF APPEALABILITY, AND FOR IMMEDIATE CONSIDERATION

On November 29, 2004, the Court issued an opinion holding in abeyance the petition for writ of habeas corpus and administratively closing the case, finding that petitioner had failed to properly exhaust eight out of the ten claims contained in his petition for writ of habeas corpus. On December 16, 2004, petitioner signed and dated a notice of appeal with the United States Court of Appeals for the Sixth Circuit. On December 16, 2004, petitioner signed and dated a motion for reconsideration or in the alternative, a motion for a certificate of appealability. On March 14, 2005, petitioner signed and dated a motion for immediate consideration. For the reasons stated below, the motions will be DENIED.

    **I.  Motion for Reconsideration.**

Petitioner has moved this Court to reconsider its opinion and order from November 29, 2004 to hold the habeas petition in abeyance to permit petitioner to return to the state courts to properly exhaust his claims.

Petitioner is not entitled to reconsideration of the Court's opinion and order because the motion for reconsideration is untimely in this case. The Court issued its opinion on November 29, 2004. Petitioner signed and dated his motion for reconsideration on December 16, 2004. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

In the present case, petitioner signed and dated his motion for reconsideration on December 16, 2004. Under the prison mailbox rule, a federal habeas petition or other pleadings is filed when the prisoner gives his petition to prison officials for mailing to

the federal courts. *United States ex. rel. Drain v. Washington,* 52 F. Supp. 2d 856, 860 (N.D. Ill. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). This Court is therefore willing to apply the prison mailbox rule in determining whether petitioner's motion for reconsideration was timely filed within the ten day limit for filing such a motion. *See Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). This Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004); *cert. den.* 125 S. Ct. 157 (2004). However, even giving petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, petitioner's motion for reconsideration was due no later than December 13, 2004. The instant motion for reconsideration is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their

orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, this Court lacks jurisdiction to entertain petitioner's motion for reconsideration because the motion was filed more than ten days after the Court issued its opinion and order to hold the instant petition in abeyance. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001). Accordingly, the motion for reconsideration will be denied.

**II. The certificate of appealability.**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows

that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The United States Court of Appeals for the Sixth Circuit dismissed petitioner's appeal on February 4, 2005, on the ground that the Sixth Circuit lacked jurisdiction over this case because no final or appealable order terminating all issues in this case had been entered. *See Kowalak v. Vasbinder,* U.S.C.A. 05-1015 (6th Cir. February 4, 2005). Because the Sixth Circuit lacks appellate jurisdiction over this case and has dismissed petitioner's appeal, any request for a certificate of appealability is moot in this case. *See e.g. United States v. Arawole,* 16 Fed. Appx. 193, 193 (4th Cir. 2001); *Martinez v. Hoke,* 38 F. 3d 655, 656-57 (2nd Cir. 1994). Accordingly, the motion for a certificate of appealability is denied.

**III.  The motion for immediate consideration.**

5

Finally, in his motion for immediate consideration, petitioner argues that it would be futile to return to the state courts to attempt to exhaust his claims, in light of the fact that the state courts erred in imposing a page limitation upon the brief that he filed in support of his motion for relief from judgment. This Court believes that it was correct in finding that any page limitations imposed by the Michigan state courts regarding the length of petitioner's post-conviction motion did not make it futile for him to attempt to exhaust his state court remedies. *See Seymour v. Walker,* 224 F. 3d 542, 551 (6th Cir. 2000); *See also Hill v. Norris,* 96 F. 3d 1085, 1087-88 (8th Cir. 1996); *Valentine v. Huffman,* 285 F. Supp. 2d 1011, 1022 (N.D. Ohio 2003). Morever, because there are now unpublished Michigan Court of Appeals cases which hold that the twenty page limit on motions is inapplicable to post-conviction motions for relief from judgment, *See e.g. People v. Carruth,* 257831 (Mich.Ct.App. February 14, 2005), petitioner now has caselaw which would support the filing of a post-conviction motion or brief in excess of twenty pages. It would therefore not be futile for petitioner to return to the state courts and exhaust his additional claims. Accordingly, petitioner's motion for immediate consideration is denied.

**ORDER**

**IT IS HEREBY ORDERED** that the motions for reconsideration, for a certificate of appealability, and for immediate consideration, are **DENIED.**

DATED: December 29, 2005      s/Paul V. Gadola
                              **HON. PAUL V. GADOLA**
                              UNITED STATES DISTRICT COURT


**CERTIFICATE OF SERVICE**

I hereby certify that on      December 30, 2005    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                    Laura G. Moody                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
Tomas Kowalak                                                                                        .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845