UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMAS L. KOWALAK,

    Petitioner,

v.

    Case No. 01-cv-40009

    HONORABLE STEPHEN J. MURPHY, III

DEBRA SCUTT,

    Respondent.

                          /

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PETITIONER'S PETITIONER FOR A WRIT OF HABEAS CORPUS**

In this action, pro se Plaintiff Tomas Kowalak has filed a petition for a writ of habeas corpus. He was convicted in state court for first degree murder in connection with the murder of his mother, and later sentenced to life in prison. In his habeas petition, Kowalak identifies ten separate issues he alleges support granting him a writ. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

The matter now returns to the Court on the Report and Recommendation of Judge Komives. Docket no. 80. In his Report, Judge Komives recommends that the Court deny Kowalak's petition because all ten substantive claims in the petition lack merit. Although Respondent argues that all but one of Kowalak's claims are barred by Kowalak's procedural default in state court, Judge Komives concludes that whether or not the claims are defaulted presents a more difficult question than whether the claims have any substantive merit. Accordingly, Judge Komives considers the substance of the claims and concludes that none has merit. *See Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily

resolvable against a petitioner while the procedural bar issues are complicated."). Kowalak has filed objections to the Report. Docket no. 81.

A District Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections to the Report. With respect to portions of a Report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provides that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has conducted a de novo review of the record and finds that Kowalak's objections are without merit, as are his claims The Court agrees that the procedural default analysis in Kowalak's petition is significantly more complicated than the analysis of his substantive claims for relief, and agrees that the more judicious and prudent approach lies considering the substance of the claims. Judge Komives's reasoning and analysis in the Report with respect to the merits of the claims is sound and correct. He has fully considered Kowalak's arguments and the responses thereto, and has correctly resolved the issues raised in the petition in favor of Respondent. In his objections to the Report, Kowalak only raises arguments he made in his brief supporting his petition, arguments that Judge Komives properly considered, ultimately found unpersuasive, and later rejected.

Additionally, the Court will not issue a certificate of appealability in this case. A petitioner must obtain a certificate of appealability in order to appeal the district court's denial of a habeas petition for relief from a state conviction. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).[1]  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this threshold, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Specifically, he must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  The Court concludes that jurists of reason would not find its assessment of Petitioner's claims debatable.  The Court thus declines to issue Petitioner a certificate of appealability.  Petitioner may request a certificate of appealability from the court of appeals if he wishes.  *See* 28 U.S.C. § 2253(c)(1)(A).

**WHEREFORE**, it is hereby **ORDERED** that Petitioners objections to the Report and Recommendation (docket no. 81) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket no. 80) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

---

[1] As of December 1, 2009, the Rules Governing Section 2254 Cases require a district court to issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a), 28 U.S.C. foll. § 2254.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: May 3, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2010, by electronic and/or ordinary mail.

                                      Alissa Greer
                                      Case Manager